UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

                              Plaintiff,

                    -against-

NEW YORK CITY POLICE DEPARTMENT;
NEW YORK CITY DEPT. OF
INVESTIGATION; MICHAEL LYNCH,
ASSISTANT DISTRICT ATTY; ST.
BARNABAS HOSPITAL,

                              Defendants.

19-CV-4760 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

defendants violated her rights. By order dated June 4, 2019, the Court granted Plaintiff's request

to proceed without prepayment of fees, that is, *in forma pauperis*.  For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Mariah Lopez's complaint. "From May 2017 through present," an unspecified number of officers from the New York City Police Department (NYPD) arrested Plaintiff on one or more occasions "on multiple charges" that they "reasonably should have known were false" and that "have since been dismissed." (*Id.*) On an unspecified date, during the arrest or arrests, officers "used excessive force," beating Plaintiff "severely." (*Id.*)

An unspecified number of staff members from Saint Barnabas Hospital also "beat" Plaintiff and gave her antipsychotic medication, with the help of NYPD officers. (*Id.*) Plaintiff alleges that "[a]ccording to witnesses," both NYPD officers and Saint Barnabas Hospital staff further "beat" her while she was medicated.

Assistant District Attorney (ADA) Michael Lynch "is pursuing charges against [Plaintiff] despite knowing [that] his witnesses are not being truthful." (*Id.* at 8.) Moreover, ADA Lynch is allegedly "pursuing charges against [Plaintiff] in furtherance of political retaliation and political discrimination." (*Id.*)

Plaintiff has made "multiple complaints of sexual abuse and other crimes against [her] and other 'TLGBQ' individuals," but the New York City Department of Investigations (DOI) has failed to investigate. (*Id.*) The DOI has not interviewed any shelter residents at the nonprofit Marsha's Shelter, even though Plaintiff provided "material and compelling proof of crimes committed against Marsha's Shelter residents." (*Id.* at 6.) Plaintiff states that the DOI failed to act even though the statute of limitations to "charge NYC staff or contractors for official misconduct" expired on May 21, 2019, the date that she filed the complaint.

The various incidents giving rise to Plaintiff's claims allegedly took place on May 21, 2017, October 3, 2018, "and multiple other dates." Plaintiff states that her claims arose at property operated by the New York City Housing Authority at 433 Lafayette Avenue in Brooklyn, New York, in Brooklyn's Police Service Area 3, at "Brooklyn Central Bookings," and at East 180th Street in Bronx County, New York.

Plaintiff brings suit against the NYPD, Saint Barnabas Hospital, the DOI, and Assistant District Attorney Lynch, seeking damages.

## DISCUSSION

### A.    New York Police Department

Agencies of the City of New York generally cannot be sued in their own names. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Plaintiff's claims against the NYPD must therefore be dismissed because the NYPD lacks the capacity to be sued in its own name.

Plaintiff has not named the City of New York as a defendant or alleged facts suggesting that a policy, custom, or practice of the City of New York caused a violation of her constitutional rights. If Plaintiff files an amended complaint and wishes to assert claims against the City of New York, she must plead facts showing that the municipality itself caused the violation of her rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.")

(quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

## B.     Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff alleges that ADA Michael Lynch "is pursuing charges against [Plaintiff] despite knowing [that] his witnesses are not being truthful." (*Id.* at 8.) Prosecutorial immunity encompasses § 1983 claims in which a prosecutor is alleged to have presented fabricated evidence at trial, suborned perjury, or attempted to intimidate a criminal defendant into accepting a guilty plea. *See Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006); *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir. 2005) ("A prosecutor is . . . entitled to absolute immunity despite allegations of his knowing use of perjured testimony and the deliberate withholding of

exculpatory information. Although such conduct would be reprehensible, it does not make the prosecutor amenable to a civil suit for damages.").

Plaintiff also asserts a claim that ADA Lynch is allegedly "pursuing charges against [Plaintiff] in furtherance of political retaliation and political discrimination." (*Id.*) But an "action for retaliatory prosecution [can]not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute." *Imbler*, 424 U.S. at 431.[1] Accordingly, because the claims against ADA Lynch are based on actions within the scope of his official duties and associated with the conduct of a trial, these claims must be dismissed because they seek monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(b)(iii).

## C. Failure to Investigate

"[T]he Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Soc. Servs.*, 489 U.S. 189, 196 (1989). "[C]ourts within the Second Circuit have determined that '[t]here is . . . no constitutional right to an investigation by government officials.'" *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (collecting cases); *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 284 (N.D.N.Y. 2018) (dismissing "constitutional claim against defendants for failing to report and/or investigate his complaints"). Thus, there is no constitutional violation where, for example, "the government refuses to investigate a crime, allegations of patent fraud, or an

---

[1] To state such a claim against a police officer, "[t]he plaintiff pressing a retaliatory arrest claim must [also] plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, _S. Ct. _, 2019 WL 2257157, at *6 (2019). "Absent such a showing, a retaliatory arrest claim fails." *Id.* at *8.

attorney ethics grievance." *Id.* at 284 (citing *Longi v. County of Suffolk*, No. 02-CV-5821, 2008 WL 858997, at *6 (E.D.N.Y. Mar. 27, 2008)).

Here, Plaintiff alleges that DOI investigators failed to investigate her allegations of abuse at the Marsha's House shelter.[2] Plaintiff's allegations do not state a claim that the DOI deprived her of any constitutional right, and these allegations thus fail to state a claim under § 1983 on which relief can be granted.

### D.     Saint Barnabas Hospital

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff does not allege that Saint Barnabas Hospital, which appears to be a private, nonprofit organization, is a state actor. Accordingly, having failed to allege that Saint Barnabas Hospital is a state actor, Plaintiff has not stated a claim under § 1983 against Saint Barnabas Hospital.

### E.     Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Moreover, a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well

---

[2] Plaintiff also asserts that DOI investigators have not investigated crimes against others, but she lacks standing to assert claims based on harm to others and cannot represent others unless she is an admitted attorney.

disguised," fails to comply with Rule 8, and may be dismissed *sua sponte*. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff's complaint fails to include basic facts about each incident. Although Plaintiff includes various dates and locations where her different claims arose, it is unclear which incident occurred on any of the dates identified in the complaint. For example, Plaintiff alleges that her claims arose on May 21, 2017, October 3, 2018, and "multiple other dates." (Compl. at 5.) Plaintiff states that her claims arose at property operated by the New York City Housing Authority at 433 Lafayette Avenue in Brooklyn, New York, in Brooklyn's Police Service Area 3, at "Brooklyn Central Bookings," and at East 180th Street in Bronx County, New York, as well as at Saint Barnabas Hospital in the Bronx and possibly at Marsha's House in Manhattan. These allegations are insufficient to notify defendants of Plaintiff's claims.[3]

Because it is not clear that granting leave to amend would be futile, Plaintiff is granted leave to amend her complaint to detail her claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were personally involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."[5]

---

[3] Moreover, the Court cannot assist Plaintiff in ascertaining the identity of any individual defendant unless Plaintiff pleads facts, for example, about when and where an individual defendant used excessive force against her.

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption and discussed in Plaintiff's statement of claim.

[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and electronically notify Plaintiff of this order. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

---

add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4760 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   June 7, 2019
         New York, New York

                                    _Louis L. Stanton_
                                         Louis L. Stanton
                                              U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
             (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

Defendant 2:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

Defendant 3:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State            Zip Code

Defendant 4: _____

       First Name                    Last Name

       _____

       Current Job Title (or other identifying information)

       _____

       Current Work Address (or other address where defendant may be served)

       _____

       County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.